UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA MARIE DYER,

    Plaintiff,

vs.

SHADEHAEDA HARDWICK, et al.,

    Defendants.
_____/

Civil Action No.
10-CV-10130

HON. MARK A. GOLDSMITH

**ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS OF DEFENDANTS HARDWICK, WARD, LEE, CAMPBELL, DEANGELO, AND JONES, (4) DISMISSING ALL CLAIMS AGAINST DEFENDANTS WARD, LEE, CAMPBELL, DEANGELO, AND JONES, and (5) DENYING AS MOOT PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT**

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Laurie J. Michelson, issued on August 1, 2011. The Magistrate Judge recommends that the motion to dismiss of Defendants Hardwick, Ward, Lee, Campbell, DeAngelo, and Jones be granted in part and denied in part.[1] Specifically, the Magistrate Judge recommends that (i) all claims for damages brought against the moving Defendants in their official capacities be dismissed with prejudice; (ii) all claims brought against Defendants Ward, Lee, Campbell, DeAngelo, and Jones in their individual capacities be dismissed without prejudice to Plaintiff's right to file an amended complaint; (iii) all claims brought against Defendant Hardwick in her individual capacity be dismissed without prejudice to Plaintiff's right to file an amended complaint, except that Plaintiff's claims against Defendant Hardwick that she was (a) subjected to numerous retaliatory cell searches and (b) arbitrarily denied a transfer to a non-smoking unit, will not be dismissed at this time.

---

[1] These six defendants are collectively referred to as the "moving Defendants."

Plaintiff has filed objections to the R&R.  The Court reviews de novo those portions of the R&R to which a specific objection has been made.  Fed. R. Civ. P. 72(b).  Having done so, the Court concludes that Magistrate Judge Michelson correctly analyzed the issues presented and reached the proper result for the proper reasons.  Therefore, the Court accepts and adopts the R&R, over Plaintiff's objections, as the findings and conclusions of the Court.  Plaintiff may file a third amended complaint curing the pleading defects discussed by the Magistrate Judge within 30 days of today's date.[2]  If no amended complaint is filed within the allotted time period, this dismissal will be deemed with prejudice.  Moreover, any amended complaint shall conform with Federal Rule of Civil Procedure 8(a).[3]  Plaintiff shall clearly set forth the exact nature of the legal claim(s) alleged against each individual defendant, along with a brief explanation of the factual basis for the claim.  Going forward, the Court will be disinclined to grant any further requests to amend the complaint.

SO ORDERED.

Dated:  September 7, 2011                              s/Mark A. Goldsmith
           Flint, Michigan                                        MARK A. GOLDSMITH
                                                                          United States District Judge

---

[2] Because the Court is granting Plaintiff leave to file an amended complaint, her two pending requests for such relief (Dkts. 37 and 42) are denied as moot.

[3] Rule 8(a) states:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(emphasis added).

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2011.

                                          s/Deborah J. Goltz
                                          DEBORAH J. GOLTZ
                                          Case Manager