UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA MARIE DYER,

       Plaintiff,                                  Civil Action No. 10-cv-10130

      v.                                       District Judge Mark A. Goldsmith
                                              Magistrate Judge Laurie J. Michelson

SHADEHAEDA HARDWICK, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO STRIKE NEWLY ADDED DEFENDANTS IDENTIFIED IN PLAINTIFF'S THIRD AMENDED COMPLAINT**

**Report**

      Plaintiff Felicia Marie Dyer ("Plaintiff" or "Dyer"), a Michigan Department of Corrections ("MDOC") prisoner proceeding *pro se*, brought this case pursuant to 42 U.S.C. § 1983 alleging that former or current MDOC employees Shadehaeda Hardwick, Annae Sanders, Ester Ward, Eva Lee, Sherman Campbell, Clarice Stovall, Robin Cole, Jodi DeAngelo, Leslie Hunter, Karen Masten, and Janea Jones violated a number of her constitutional rights. On September 15, 2010, Defendants Hardwick, Ward, Lee, Campbell, DeAngelo, and Jones (the "moving Defendants") filed a Motion to Dismiss. (Dkt. 26, Defs.' Mot. Dismiss.) This Motion was based on an amended complaint.[1]

      On August 1, 2011, this Court issued an extensive Report and Recommendation to grant in part and deny in part the Motion. (Dkt. 38.) More specifically, this Court recommended that the District Court (i) dismiss all claims for damages brought against the moving Defendants in their

---

[1]Plaintiff's Amended Complaint listed additional Defendants – Tonya Watson, Sarah Stringer-Hill, Kimberly Masten, and Barbara Bush (Dkt. 24) – but they have not yet been served and thus, were not part of the motion to dismiss.

official capacities with prejudice; (ii) dismiss all claims brought against Defendants Ward, Lee, Campbell, DeAngelo, and Jones in their individual capacities without prejudice to Plaintiff's right to file an amended complaint; (iii) dismiss all claims brought against Defendant Hardwick in her individual capacity without prejudice to Plaintiff's right to file an amended complaint, except for Plaintiff's claims against Defendant Hardwick that she was (a) subjected to numerous retaliatory cell searches and (b) arbitrarily denied a transfer to a non-smoking unit. (*Id.*)

On September 7, 2011, District Judge Mark A. Goldsmith issued an Order that accepted and adopted the Report and Recommendation. (Dkt. 44.) The Order also granted Plaintiff leave to file another amended complaint as follows: "Plaintiff may file a third amended complaint curing the pleading defects discussed by the Magistrate Judge within 30 days . . . ." (*Id.* at 2.)

Plaintiff filed her Amended Complaint on October 12, 2011. (Dkt. 45.) This pleading includes three new defendants not previously named in the prior complaints – Terri Hockenhull, R. Staplitonba and Jane Doe (an unknown mailroom employee). (*Id.*) As these defendants do not pertain to the pleading defects identified in the Report and Recommendation, their attempted inclusion does not comport with Judge Goldsmith's ruling.

**Recommendation**

All pretrial proceedings have been referred to this Court. (Dkt. 5, 32.) Accordingly, this Court **RECOMMENDS** that these newly added defendants **BE STRICKEN** from the amended complaint.[2]

---

[2] The Court is proceeding by Report and Recommendation because striking these defendants from the Amended Complaint is, in effect, a dismissal of them from the case. *See e.g., WM Capital Partners, LLC v. BBJ Mortg. Servs.*, No. 10-10359, 2010 U.S. Dist. LEXIS 142426, *1-2, n.1 (E.D. Mich. Oct. 21, 2010) (Magistrate Judge proceeded by Report and Recommendation on a motion to strike claims).

**Filing Objections**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

/s Laurie J. Michelson
LAURIE J. MICHELSON
Dated: November 4, 2011         UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 4, 2011.

s/Jane Johnson
Deputy Clerk

3