UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA MARIE DYER,

       Plaintiff,                            Civil Action No.
                                                   10-CV-10130

vs.

                                                   HON. MARK A. GOLDSMITH

SHADEHAEDA HARDWICK, et al.,

       Defendants.
_____/

**ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART, (2) SUSTAINING BARBARA BUSH'S OBJECTION TO THE REPORT AND RECOMMENDATION, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and (4) GRANTING IN ITS ENTIRETY THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS BUSH, CAMPBELL, COLE, DEANGELO, HARDWICK, JONES, LEE, MASTEN, SANDERS, STOVALL, STRINGER-HILL, and WARD**

       This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Laurie J. Michelson, issued on August 3, 2012. The Magistrate Judge recommends that the motion for summary judgment of Defendants Bush, Campbell, Cole, DeAngelo, Hardwick, Jones, Lee, Masten, Sanders, Stovall, Stringer-Hill, and Ward be granted in its entirety, except as to the procedural due process claim asserted against Defendant Bush. The Magistrate Judge further recommends that Plaintiff's motion for summary judgment be denied.

       The only party who has filed an objection to the R&R is Defendant Bush. Plaintiff has not filed objections, and the time to do so has expired. Accordingly, Plaintiff has waived any further right to contest any ruling made by the Magistrate Judge that is adverse to Plaintiff. See Thomas v. Arn, 474 U.S. 140, 155 (1985).

       With regard to the procedural due process claim against Defendant Bush, the Court reviews that portion of the Magistrate Judge's analysis de novo. Fed. R. Civ. P. 72(b). The

Magistrate Judge concluded that, although Bush is likely absolutely immune from Plaintiff's claim, genuine issues of material fact presently preclude summary judgment on whether Bush is entitled to absolute immunity, pursuant to Shelly v. Johnson, 849 F.2d 228 (6th Cir. 1988), as a hearing officer with the powers and duties set forth in Mich. Comp. Laws §§ 791.251 through 791.255. The Magistrate Judge wrote:

> Although it is likely that Bush falls within the scope of Shelly, in an act of prudence, the Court finds that Bush has not presently carried her summary judgment burden of showing that this is so. Howell v. Sanders, 668 F.3d 344, 350 (6th Cir. 2012) ("The party seeking the benefit of a claim of absolute immunity has the burden of establishing it."). In relevant part, Bush's affidavit simply states, "I was at all times relevant to this lawsuit, employed by the Michigan Department of Corrections . . . as an Administrative Law Examiner at Robert Scott Correctional facility . . . ." (Defs.' Mot. Summ. J., Ex. 12 (Bush Aff. ¶ 1).) Thus, as Plaintiff argues, Bush has put forth no evidence that she is a hearing officer under Mich. Comp. Laws §§ 791.251 through 791.255, including, that she "is an attorney especially appointed to conduct prison disciplinary hearings as a full time judicial officer, wholly independent of the warden and other prison officials in the prison in which he conducts his hearings." See Shelly, 849 F.2d at 230. Apparently, Bush asks the Court to take judicial notice of the rights and responsibilities attendant with the title "Administrative Law Examiner." The Court declines to do so. However, because the requisite facts could be presented to properly support Bush's claim of absolute immunity, the Court will deny Bush's motion for summary judgment on Plaintiff's due process claim without prejudice.

R&R at 50.

In her objections, Bush supplies the evidence that was previously missing. That is, Bush offers evidence demonstrating that she was, in fact, a hearing officer with the powers and duties set forth in the pertinent Michigan statute. The Court concludes that Bush's new affidavit, together with the attached position description, now clarify that she is, indeed, covered by Shelly and, consequently, absolutely immune from liability on Plaintiff's claim. Accordingly, Bush's objection is sustained and summary judgment is granted in favor of Bush, as well as the other moving defendants. This case shall proceed only on Plaintiff's claims against Defendant Watson, the last remaining defendant.

SO ORDERED.

Dated: August 23, 2012　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

　　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2012.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager

3