UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELICIA MARIE DYER,

        Plaintiff,                          Civil Action No. 10-10130

        v.                                  District Judge Mark A. Goldsmith
                                                  Magistrate Judge Laurie J. Michelson

SHADEHAEDA HARDWICK, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT WATSON'S MOTION FOR SUMMARY JUDGMENT [96]**

      Plaintiff Felicia Dyer filed this pro se civil rights action against fourteen former or current Michigan Department of Corrections employees alleging that they violated her constitutional rights while she was an inmate at the now-closed Robert Scott Correctional Facility ("SCF"). (*See generally* ECF No. 45, 2d Am. Compl.) All Defendants, save Tonya Watson, have been dismissed from this suit. (ECF No. 98, R & R on Defs.' Mot. to Dismiss; ECF No. 100, Order Adopting in Part R & R.) Now before the Court for a Report and Recommendation is Watson's Motion for Summary Judgment. (ECF No. 96, Watson's Mot. Summ. J.) Dyer has not filed a response to Watson's motion and the time to do so has passed. (ECF No. 97, Order Requiring Resp. to Watson's Mot. Summ. J.)

     For the reasons set forth below, the Court RECOMMENDS that Defendant Watson's Motion for Summary Judgment (ECF No. 96) be GRANTED.

## I. BACKGROUND

Plaintiff's allegations against Watson are limited. On November 30, 2007, Watson allegedly confiscated some of Dyer's property. (2d Am. Compl. ¶¶ 32, 116.) Dyer says Watson violated MDOC Policy Directive 03.03.105 by disposing of "some" of her "tapes" without a proper hearing. (2d Am. Compl. ¶¶ 32, 116; *see also* 1st Am. Compl. at ECF Pg ID 359.) Plaintiff further alleges that Watson "wrote her up for the remainder of [the] property." (2d Am. Compl. ¶ 116.) On January 8, 2008, Plaintiff says she "reached out" to Watson "in regards to the incident with inmate Watkins." (*Id.* ¶ 43.) Dyer also claims that Watson was the supervisor who signed "screen sheet[s]" on November 6 and November 12, 2008 "in an attempt to increase [P]laintiff's security level." (*Id.* at 115.) Finally, Watson is also alleged to have denied a number of grievances Plaintiff filed. (*Id.* at ¶ 114.)[1]

## II. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001). The moving party may discharge its initial summary judgment burden by "pointing out

---

[1] A prior Report and Recommendation provides further background not necessary for resolving Watson's Motion for Summary Judgment. (*See* ECF No. 98.)

to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party does so, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). Finally, where, as here, "a motion for summary judgment is unopposed, '[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.'" *Sobczak v. Daniel Spitters, P.A.*, No. 1:09-cv-57, 2011 U.S. Dist. LEXIS 19884, at *7 (W.D. Mich. Feb. 3, 2011) (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992)).

## III. ANALYSIS

Summary judgment is warranted on Plaintiff's claims against Watson. The Court turns first to Dyer's claim that Watson confiscated her property, disposed of "some tapes," and wrote her up for the "remainder" without a proper hearing. (*See* 2d Am. Compl. ¶¶ 32, 116.) Plaintiff has included this allegation against Watson in a section of her Second Amended Complaint asserting First Amendment retaliation violations. (*See id.* ¶¶ 67, 116.) Plaintiff has not, however, alleged that she grieved Watson prior to the November 2007 confiscation or otherwise engaged in protected First Amendment conduct that motivated Watson to retaliate. *See Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999)) (setting forth

3

elements of a First Amendment retaliation claim). Nor has Plaintiff directed the Court to any such evidence. Plaintiff has not, therefore, adequately pled, or produced sufficient summary judgment evidence of, a First Amendment retaliation claim based on Watson's alleged mishandling of her property.

To the extent that Dyer's allegations of property confiscation and disposal without a hearing are an attempt to allege a procedural due process claim, they still fail as a matter of law. Under *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984), dismissal of a procedural due process claim brought under 42 U.S.C. § 1983 is warranted where "the state provides the claimant an adequate postdeprivation remedy" and "1) the deprivation was unpredictable or 'random'; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). If these last three criteria are met, then the burden is on the plaintiff to plead and prove that the state does not provide adequate post-deprivation remedies. *Copeland*, 57 F.3d at 479; *see also Kennedy v. Bonevelle*, 413 F. App'x 836, 840 (6th Cir. 2011).

Plaintiff has not pled that Watson acted in accordance with state procedure or was authorized to confiscate and dispose of her property without a hearing. To the contrary: Plaintiff claims that Watson confiscated and disposed of her property in violation of an MDOC policy directive. (2d Am. Compl. ¶ 32.) Plaintiff therefore implies that Watson engaged in the type of "random," "unauthorized" act that triggers *Parratt* and its progeny. *See Copeland*, 57 F.3d at 479. Further, courts in the Sixth Circuit have found that the State of Michigan provides adequate post-deprivation remedies:

4

> Plaintiff claims that Defendant . . . violated his procedural due process rights when he failed to follow the "explicit mandatory language" of MDOC policy directive 04.07.112, which requires that an inmate be given notice and a hearing before his property is destroyed. . . .
>
> The Sixth Circuit has found that "Michigan provides several adequate post-deprivation remedies," such as a claim and delivery action under Michigan Court Rule 3.105, a civil action to recover damages for goods unlawfully taken under Michigan Compiled Laws § 600.2920, and a small claims action under § 600.8401(1). *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995); *Hardin v. Fox*, No. 94-1909, 1995 WL 118990, at **1 (6th Cir. 1995) (unpublished). Where a plaintiff claiming a deprivation of property without due process of law cannot show that state court remedies are inadequate to redress the alleged wrong he has suffered, the due process claim fails as a matter of law.

*Lyons v. Caruso*, No. 06-13381-BC, 2006 WL 3510895, at *4 (E.D. Mich. Dec. 6, 2006); *see also Smith v. Stoley*, 1:08-CV-693, 2009 WL 3233825, at *5 n.6 (W.D. Mich. Sept. 30, 2009) (describing three post-deprivation remedies available to a prisoner deprived of property). Accordingly, Plaintiff has failed to adequately plead (or prove) a procedural due process claim against Watson for Watson's alleged confiscation of property without a hearing. *See Smith*, 2009 WL 3233825, at *5 (holding that inmate's claim that officer "confiscated various items of his personal property without issuing a notice of intent to conduct an administrative hearing and without conducting an administrative hearing" failed as a matter of law under *Parratt*).

Plaintiff next avers that, on January 8, 2008, she "reached out" to Watson "in regards to the incident with inmate Watkins." (2d Am. Compl. ¶ 43.) The "incident with inmate Watkins" reasonably refers to Dyer having allegedly assaulted Watkins. It also probably includes the subsequent major misconduct finding against Dyer, and Dyer's resulting detention and segregation. Plaintiff, however, has not adequately pled or shown how Watson was involved in these events. *See*

5

*Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.").[2] The Court is therefore unable to discern a legal claim from Plaintiff's "reached[-]out" allegation. In the immediately preceding paragraph, Plaintiff references a failure-to-protect grievance. (2d Am. Compl. ¶ 42.) But even reading the two paragraphs together, Plaintiff has not sufficiently shown how Watson, individually, failed to protect Plaintiff from Watkins. Dyer's assertion that she "reached out" to Watson "in regards to the incident with inmate Watkins" therefore fails to adequately support a cognizable cause of action.

Dyer also claims that Watson was the supervisor who signed "screen sheet[s]" on November 6 and November 12, 2008 "in an attempt to increase [P]laintiff's security level." (*Id.* at 115.) But, as Watson argues, Plaintiff has not explained how this conduct was unlawful (e.g., retaliation for First Amendment conduct or the deprivation of constitutionally guaranteed due process). Watson avers, "As a Resident Unit Manager, I signed several screens on a regular basis to ensure prisoners are housed in [their] proper security level." (ECF No. 96, Watson's Mot. Summ. J., Ex. 1, Watson Aff. ¶ 8.) In view of Watson's averment that she signed screen sheets as part of her regular duties as a Resident Unit Manager, and Plaintiff's failure to respond to Watson's Motion for Summary Judgment or elaborate on her allegation, the Court lacks a reasonable basis to infer that

---

[2]As for Plaintiff's official capacity claims against Watson, any request for damages is barred by sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Although an official-capacity claim seeking prospective, injunctive relief is not similarly barred, *see Ex parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008), Plaintiff has not pled facts warranting such relief against Watson. In fact, it does not appear that Watson is even working at the correctional facility where Plaintiff currently resides. (*See* ECF No. 77, R & R on Pl.'s Mot. for Prelim. Inj. at 13.)

Watson's "attempt to increase [P]laintiff's security level" violated Plaintiff's rights.

Finally, Watson is also alleged to have denied a number of Plaintiff's grievances. (*Id.* at ¶ 114.) But a claim that a corrections officer denied grievances, without more, does not state a § 1983 claim against the officer. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that "denial of . . . administrative grievances and [the] failure to remedy . . . alleged retaliatory behavior" did not render supervising officers liable under § 1983); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the MDOC director] failed to remedy the situation after he had been informed of the problem via [plaintiff's] grievance. [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Seaton v. Sova*, No. 1:08-cv-1131, 2009 WL 2132728, at *9 (W.D. Mich. July 10, 2009) ("[Section] 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.").

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Defendant Watson's Motion for Summary Judgment (ECF No. 96) be GRANTED and that Watson be DISMISSED.

## V. FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections,

but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

        S/Laurie J. Michelson
        Laurie J. Michelson
        United States Magistrate Judge

Dated: September 13, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on September 13, 2012.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Laurie J. Michelson